WILLIAM A. GARRETT, Appellant, v. THEODORE D. WANNFRIED, Respondent.

67   437.
99   ²586.

### Kansas City Court of Appeals, November 23, 1896.

1. **Sales**: EFFECT OF REPRESENTATION: ACTION. A mere representation of value, where the vendor and purchaser are on equal footing, though known to be false, does not afford a ground of action.

2. ——: ——: ——: FIDUCIARY RELATION. In a formation of a business enterprise there is a mutual trust between the parties, and a false representation as to the actual cost of material going into such joint enterprise constitutes a breach of faith and is actionable.

3. ——: ——: ——: ——. A false representation, where such trust relation attaches, is actionable, though the actual value of the thing sold is what such false representation induces the party to pay for it.

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Fisse & Kortjohn* and *J. W. McAntire* for appellant.

(1) The representation made by the defendant that the land cost $200 per acre, coupled with the agreement that he would sell it to plaintiff at the same price which it cost him, was not a mere expression of opinion, but the assertion by the defendant of a fact which was peculiarly in his own knowledge and one on which the plaintiff had a right to rely. *Teachout v. Van Hoesen*, 76 Iowa, 113; *Pendergrast v. Reed*, 29 Md. 398; 96 Am. Dec. 539; *Sandford v. Handy*, 23 Wendell, 260. (2) The undisputed evidence shows that there was such a relation of confidence between the plaintiff

and the defendant that the latter had no right to make any profit out of plaintiff in the transaction, and was bound to give to appellant all information as to the cost of the land which he himself had. (3) The appellant in this case is entitled to recover although the land sold to him was really worth more than he paid for it. *Pendergrast v. Reed,* 29 Md. 398. (4) The appellant, and not the corporation, is the proper person to bring this suit. *Teachout v. Van Hoesen,* 76 Iowa, 113; 1 Lawyer's Reports, p. 664.

*Cunningham & Dolan* for respondent.

(1) Defendant having bought for himself, and plaintiff not having rescinded nor shown that the land was worth less than he paid, can not recover at law nor in equity. If Wannfried falsely stated to the plaintiff what the land cost him, this is not fraudulent. (2) If it was fraudulent, the plaintiff has but two remedies in law, neither of which has he chosen. *First.* To rescind the contract for fraud, convey back the land and recover back the whole purchase price. *Second.* To sue at law for damages for deceit, to recover the difference between what the land was actually worth, and what by reason of the deceit, he was induced to pay. *Parker v. Marquis,* 64 Mo. 38; *Kilbourne v. Sunderland,* 150 U. S. 505; Tiedeman on Sales, secs. 162, 163; 8 Waite's Actions and Defenses, p. 699. In the latter case the measure of the plaintiff's damage would be the difference between the actual market price of the land at the time of the sale and the price which he paid for it. *Brownlee v. Hewitt,* 1 Mo. App. 367; *Langdon v. Green,* 49 Mo. 367; *Hitchcock v. Baughan,* 36 Mo. 216; *Anslyn v. Frank,* 8 Mo. App. 242; Tiedeman on Sales, *Ibid.;* 8 Waite's Actions and Defenses, p. 700. (3) He had no remedy in equity on the facts, for he holds on to the

land, and the only remedy afforded by equity, where plaintiff retains the thing purchased, is where he seeks to recover the secret profit made by one standing in a fiduciary relation toward him. In order to do this he must be, in some way, directly or indirectly interested with the defendant in the purchase of the property. Then defendant's purchase becomes his purchase, and then, and only in such a case, is he entitled to share in the benefit of the low price for which the property was bought. Beach on Modern Eq. Juris., sec. 134. (4) Plaintiff can not recover on the theory of actual fraud. False representations as to the cost of property are held to be simply a manner of falsely representing its value and as a general rule this is not an actionable fraud. 3 Waite's Actions and Defenses, 435, 457; Tiedeman on Sales, sec. 166, and authorities there cited; Bishop on Noncontract Law, sec. 327; *Manning v. Allen*, 11 Allen, 520, 522; *Currey v. Keyser*, 30 Ind. 214; *Ellis v. Andrews*, 56 N. Y. (11 Sick.) 83; *Dimmick v. Hallett*, L. R. 2 Ch. App. 26; *Allen v. Hart*, 72 Ill. 104; *Anderson v. Hill*, 2 Sm. & M. (Miss.) 679; *Richardson v. Noble*, 77 Maine, 390; *Hemner v. Cooper*, 8 Allen, 334; *Medburg v. Metcalf*, 6 Met. 246, 259; *Bourr v. Davis*, 76 Me. 223.

ELLISON, J.—In the fall of 1890 plaintiff, defendant, and some other parties formed the Joplin Development Company, afterward changing the name to the "Sam Irvin Land and Mining Company." About two weeks prior to the formation of the company defendant purchased eighty acres of land at the price of $8,000, or at the rate of $100 per acre, though he had inserted in the deed a consideration of $16,000. This land comprised the capital stock of the company. At the time that provision was made for the organization of the company, defendant sold to plaintiff one fifth interest

in said land; in fact, the deed for this one fifth interest and the written provision for the formation of the company were one and the same paper. Plaintiff paid for this interest at the rate of $200 per acre. It seems that in point of fact, plaintiff purchased one fourth interest at the rate aforesaid, though the deed to him is only for one fifth. He paid to defendant $3,500 in money and executed his note for the remaining $500. He stated in testimony that he did not notice the deed was for only one fifth at the time he received it, and when he afterward discovered the discrepancy he supposed that defendant had not deeded the full amount purchased in order to make himself secure in the payment of the note. More than a year afterward plaintiff learned that defendant had only paid for the land at the rate of $100 per acre, being one half the rate at which he sold to plaintiff. Plaintiff afterward instituted this action for the difference between the price he paid defendant and the price he contends he should have paid him, viz., the same rate which defendant paid, less the note for $500, which he asked the court to call in and cancel. The judgment below was for defendant.

There were no declarations of law asked, and we have no means of ascertaining on what theory the court disposed of the case. But from the evidence in the record we deem it clear that in the purchase of the land by plaintiff of defendant, the understanding of the parties was that it was for the purpose of forming the mining company. We think it is furthermore made clear that defendant represented and plaintiff believed that they were entering into the company upon terms of perfect equality. We think the evidence shows that defendant proposed the formation of the company to plaintiff and represented to him that they would put in the land at the price it had cost defend-

ant, he, defendant, stating such price to be $200 per acre instead of $100, the sum actually paid by defendant. That defendant was the moving spirit in the formation of the company is not disputed. It is furthermore evidenced by the fact that plaintiff lived in St. Louis and defendant in Jasper county where the land was, a distance of more than three hundred miles.

The law is that a mere representation of value where the vendor and purchaser are on equal footing, though known to be false, does not afford ground of action. *Cahn v. Reid*, 18 Mo. App. 127–131. And it is perhaps this view which influenced the judgment of the trial court. But this is not a case of false representation of value. While there was a sale of land by defendant to plaintiff, yet there was more; the sale of the land and the formation and starting of the mining enterprise were dependent upon each other. In the formation of such joint enterprises there is a mutual trust between the parties and a mutual confidence begotten in the success of the undertaking by the risk that each is willing to take in the outlay of his capital. Here defendant offered to take plaintiff into the mining enterprise he was forming, and stated as a fact that the land cost him $200 per acre, and that the plaintiff should come in with him at that figure. This was not a representation of value, or an expression of opinion. It was a breach of faith, a representation as to a material fact concerning that which formed the subject-matter of the enterprise, and is good foundation for an action.

In *Pendergrast v. Reed*, 29 Md. 398, the defendant being a part owner of a vessel, agreed to appoint plaintiff master of the vessel if he would buy of defendant one eighth interest at her cost price, which defendant falsely represented to be $34,000. Plaintiff did so, and afterward learning that the cost was very much

less, brought the action and recovered the difference between what he paid and the real cost price.

In *Teachout v. Van Hoesen*, 76 Iowa, 113, the plaintiff and another had purchased property used in conducting the ice business for $14,000. Shortly afterward plaintiff proposed to Van Hoesen that they and the other party form a corporation to conduct the ice business, representing that the property cost him $20,000, and proposing to turn it in to the corporation at that price, which was done. It was held that it was not a mere representation of value by a vendor, but was a representation between persons jointly entering into a business enterprise, trusting in each other, of a material matter as a fact and not an opinion.

In *Sanford v. Handy*, 23 Wend. 260, Sanford was the owner of certain lands which he, through his agent, proposed to put into a company composed of himself, Handy and others, at the cost price represented to be a certain sum. Defendant afterward learning such sum was much more than the cost price, was held to be entitled to recover the difference on the matters set up in his answer.

But it is a point made in the case at bar that there is no proof that the land sold to plaintiff was not of the full value of $200 per acre. This would make no difference, since it was sold to plaintiff for the cost price falsely represented to be twice what it was in truth. In the Maryland case, *supra*, the court said that the purchaser "had the right to all the profits of his purchase and contract as he made it, and it is no answer to his action to say, that though the representation was false, yet the actual *value* of the thing sold is equal to what such false representation induced him to pay for it." And to the same effect are the other cases.

In the view of the case to which we have given

expression, the authorities and arguments of defendant's counsel are not applicable.

We will, therefore, reverse the judgment and remand the cause with directions to enter judgment for the plaintiff and for cancellation of the note aforesaid. All concur.