Hess v. Draffen & Co.

E. M. HESS, Appellant, v. D. T. DRAFFEN & COMPANY, Respondents.

Kansas City Court of Appeals, April 27, 1903.

1. **Definitions: ABSTRACT OF TITLE: INDEX.** An abstract comprises or concentrates in itself the essential qualities of a larger thing or several things; is an abridgment, compendium, epitome or synopsis, and certain books purporting to be an abstract of title are held to constitute only an index to the books of the recorder of deeds for the county.

2. **Action: REPRESENTATIONS OF VALUE: COST OF MATERIALS: DECEIT.** Representations of the value of property are held mere matters of opinion, but in the promotion of business enterprises there is mutual trust, and a false representation as to the actual cost of materials is actionable.

3. **Sales: ACTION: CORPORATION: STOCKHOLDER.** A stockholder may not sue for deceit practiced on a corporation in the purchase of an article, but the case is different where, on the false representations as to the value of property the corporation intends to buy, he is induced to subscribe to the stock and sustains a loss.

4. **Deceit: REPRESENTATIONS: RELIANCE.** A party who is a stranger to the business in which a corporation is about to engage has a right to rely upon the representations of the promoters of such corporation, and has an action against them if he is injured by such reliance.

5. ————: **EVIDENCE: JURY.** On the evidence in this case it is held the plaintiff was entitled to go to the jury on the question of whether he was defrauded by the representations of the defendant.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED.

STATEMENT BY BROADDUS, J.

The defendants in this case are partners. They were engaged in the practice of law, writing insurance, loaning money and doing a general brokerage business at the time of the incidents which are narrated in this record. They were the owners of a set of abstract books and they desired to form a corporation for the purpose of doing an abstract business. They sold shares of stock in said proposed concern and finally incorporated the same, the only capital of said corporation being the abstract books aforesaid. They sold ten shares of stock in said proposed corporation to plaintiff and he paid therefor $1,000. This is an action of deceit, for damages.

The plaintiff alleges in his petition that the defendants falsely and fraudulently, and with the intention to deceive him, represented to him that said books were worth the sum of $6,000, and had cost that sum; that they contained a complete and perfect abstract and description of title of all the real estate situate in Cooper county, Missouri; that a one-third interest in said books had been sold to defendant Rutherford, several years previous, for the sum of $1,000, and that another one-third interest had been purchased by defendant Chambers for the sum of $1,000; that defendants had been realizing a handsome income from the proceeds derived from certificates and abstracts of titles furnished from said books; that defendants represented to him that E. A. Windsor had taken five shares in said proposed corporation at $100 each, that F. R. Chambers had taken five shares at $100 each, and T. R. Harriman had taken one share. The plaintiff further alleged that

he relied on the foregoing representations of the defendants and was induced thereby to subscribe and did subscribe for ten shares of stock and paid therefor the sum of $1,000. He alleges that said representations, and each of them, were false and were made by defendants with intent to deceive; that he had never been engaged in the abstract business and relied solely on the representations of defendant.

The testimony on plaintiff's part tends to prove the allegation of his petition, viz., that said books were not worth more than $1,500; that they did not contain a complete abstract of titles to lands situate in Cooper county, in this, that the descriptions of the lands were incomplete, and the books failed to show the consideration, the date of the execution and filing of the instrument, the kind of instrument, and whether the same was properly acknowledged; that defendants Rutherford and Chambers did not pay $1,000 for a one-third interest in said books; but that they paid said sums for one-third interest in the entire business of the firm. That Windsor and Chambers had never absolutely agreed to pay $500 for their stock, but had taken the same upon a secret understanding which was not communicated to plaintiff. That all representations made to him were made by defendant Draffen; that the plaintiff had never been engaged in the abstract business, had no knowledge thereof and relied upon the representations that were made to him.

At the close of plaintiff's case the defendants offered a demurrer to the testimony, which the court refused. Thereupon the defendants, on their part, offered testimony tending to show that said books were worth the sum of $6,000 and had cost that sum; that a two-thirds interest therein had been sold to defendants Rutherford and Chambers, some years before, for $1,000 each; that said books were a complete abstract of title to the real estate in Cooper county, Missouri.

At the close of all the evidence the defendants offered separate instructions in the nature of a demurrer which directed the jury to find a verdict for each defendant. These said instructions were given to the jury, and as they precluded a recovery by the plaintiff he took a nonsuit, with leave to move to set the same aside. He filed his motion to set aside the nonsuit which was overruled, to which action of the court he excepted and appealed.

*W. F. Johnson, John Cosgrove* and *C. D. Corum* for appellant.

(1) The defendants brought about the incorporation and organization of a corporation. They procured subscriptions and set in motion the machinery which led to the formation of the corporation. Therefore, they were the promoters thereof. Cook on Stock and Stockholders, sec. 651; Morawetz on Private Corporations, sec. 545. (2) The defendants, being promoters of a proposed corporation were personally liable to plaintiff for any fraudulent representation or concealment made to induce him to subscribe for stock; provided, only, that he relied thereon. Taylor on Private Corporations, sec. 103; Cook on Corporations, sec. 157; Beach on Private Corporations, sec. 159; Hornblower v. Crandall, 7 Mo. App. 220; Hornblower v. Crandall, 78 Mo. 581; Furniture Co. v. Crawford, 127 Mo. 56; Furniture Co. v. Bodwell, 73 Mo. App. 389; Brewster v. Hatch, 122 New York 349; Carmody v. Powers, 60 Mich. 26; Paddock v. Fletcher, 42 Vt. 389; 1 Smith's Leading cases (9 Am. Ed.), p. 320. (3) One has the right to rely upon the representations of a promoter who is fully conversant with the business. Wannel v. Kem, 57 Mo. 478; Cottrell v. Krum, 100 Mo. 405; Land Co. v. Case, 104 Mo. 597; Gibson v. Cunningham, 92 Mo. 131. (4) In the formation of a business enterprise there is a mutual trust between the parties, and

the representations as to the actual cost (value) of material going into the enterprise constitutes a breach of faith and is actionable. Garrett v. Wannfried, 67 Mo. App. 437; Taylor on Private Corporations, secs. 103 and 77; Miller v. Barber, 66 N. Y. 558; Furniture Co. v. Bodwell, 73 Mo. App. 389. (5) Where a subscriber is induced by misrepresentation to subscribe for stock, he may bring an action at law against the parties fraudulently inducing the subscription and recover damages for the deceit. Cook on Stock and Stockholders, sec. 152; Parker v. Marquis, 64 Mo. 41. When he elects to sue in deceit, the doctrine of laches does not apply. Brockhaus v. Schilling, 52 Mo. App. 82; Cottrell v. Krum, 100 Mo. 396.

*W. G. Pendleton* and *W. M. Williams* for respondents.

(1) The trial court properly sustained a demurrer to the evidence. Plaintiff's testimony was wholly insufficient to warrant a finding that defendants were guilty of any false or fraudulent representations concerning these abstract books, or that they made any such representations with the intent to deceive the plaintiff. (2) The necessary elements of this legal wrong, for which a court of law gives redress in an action for deceit are, (a) false representations by defendant upon which plaintiff had the right to rely; (b) knowledge of their falsity on the part of defendant; (c) injury to plaintiff resulting from his reliance thereon. Boddy v. Henry (Iowa), 85 N. W. 771; Lovelace v. Suter, 93 Mo. App. 429; Bank v. Byers, 139 Mo. 652; Felix v. Shirey, 60 Mo. App. 621; 1 Cook on Corporations (4 Ed.), secs. 157, 355. (3) The statement that the books were worth $6,000 was a mere expression of opinion, and if such an opinion could be made the basis of an action of deceit, it could not in any event justify a recovery in such an action, unless it was affirmatively

shown that the defendants did not honestly believe the statement to be true, and that it was not their honest opinion in regard to said value. Gordon v. Butler, 105 U. S. 553; Hedin v. Surgical Inst. (Minn.), 64 N. W. 158; Cornwall v. McFarland, 150 Mo. 377; Brownlow v. Wollard, 61 Mo. App. 124. (4) Defendants did not sell plaintiff any stock. Plaintiff assisted in the formation of the corporation. He subscribed the articles of association and agreed therein to take ten shares. The abstract books were subsequently sold to the corporation by the defendants. If the books were not worth the amount paid for them, and a fraud was practiced in procuring the purchase by the corporation, an action accrued to it therefor. Plaintiff and the corporation certainly can not both have the right to recover upon the same cause of action, and the same damages. The corporation in such case may recover. Exeter v. Sawyer, 146 Mo. 302; 1 Morawetz on Corporations, secs. 291, 292 and 546; Park Co. v. Roberts (Wis.), 66 N. W. 399.

BROADDUS, J.—The question presented is, whether the court was justified in instructing the jury, upon plaintiff's evidence, to return a verdict for defendants? In order to sustain the action it is admitted that plaintiff must show that the alleged representations, if made, were false; that they were knowingly made with intent to deceive; that the plaintiff had the right to and did rely upon them; and that he was damaged thereby.

If the books were such as the evidence showed them to be they did not contain a complete abstract of the lands situate in Cooper county. An abstract is defined to be: "That which comprises or concentrates in itself the essential qualities of a larger thing, or of several things; an abridgment, compendium, epitome, or synopsis." They were, at most, only an index to the books of the recorder of deeds for the county, showing

the different conveyances of land and the books and pages where they might be found. They did not contain an abridgment of the contents of the different instruments including the acknowledgments of the manner in which they were executed, nor their dates. At best, they were only partial abstracts—most certainly not complete. As the defendants had used them they must have known what they were and it therefore must necessarily follow that defendants knew that the said representations were untrue. And the evidence tended to show that they did not cost the sum of six thousand dollars, but much less.

It is true that representations in regard to the value of property are held mere matters of opinion which do not imply knowledge. Cornwall v. McFarland, 150 Mo. 377; Brownlow v. Wollard, 61 Mo. App. 124. But, "in the promotion of business enterprises there is a mutual trust between the parties, and a false representation as to the actual cost of material going into such joint enterprise constitutes a breach of faith and is actionable." Garrett v. Wannfried, 67 Mo. App. 437.

But it is claimed that defendants did not sell plaintiff said stock; that he subscribed to the articles of association and agreed to take said ten shares; that the abstract books were subsequently sold to the corporation; and if a fraud was perpetrated in procuring such purchase the cause of action accrued to the corporation and not to the plaintiff. In such cases the corporation can only recover. Exeter v. Sawyer, 146 Mo. 302; 1 Morawetz on Corp. secs. 291, 292, 546. The facts here make a different kind of case. The defendants were the owners of said books, which were to be the capital stock of the corporation, and the representations are not charged to have been made to defraud such corporation, but made to induce plaintiff to subscribe to its stock, whereby he was induced to part with his money. The complaint is not that the corporation, but that the

plaintiff as an individual, was defrauded by the individual acts of the defendant partnership.

Under the authorities, the plaintiff, who was a stranger to the business, had the right to rely upon the representations of the defendants who were the promoters of the enterprise. Cottrill v. Krum, 100 Mo. 1. c. 405; Pomeroy v. Benton, 57 Mo. 531; Wannell v. Kem, 57 Mo. 478. The circumstances tended to show that plaintiff was wholly unacquainted with the business; that he relied upon the representations of the defendants as to the sufficiency of the abstracts and their cost; and that he was damaged thereby. We are therefore clearly of the opinion that plaintiff made out a case entitling him to go to the jury. For the reasons given the cause is reversed and remanded. All concur.