In re APPLICATION OF RICHARDSON.

No. 32800. Nov. 18, 1947.

*184 P. 2d 642.*

John Connolly, Jr., and Gerald Spencer, both of Oklahoma City, for plaintiff in error.

H. T. Tumilty and Richardson, Shartel, Cochran & Pruet, all of Oklahoma City, for defendants in error.

LUTTRELL, J. On September 14, 1945, J. Frank Richardson filed with the county clerk of Oklahoma county an application for a certificate of authority to engage in the business of abstracting titles to real estate in said county. A written protest to the application was filed, a hearing was had, and the county clerk denied the application. Applicant appealed to the district court, which sustained the action of the county clerk in denying the application. Applicant appeals from the judgment of the district court.

The application for the certificate alleged that the applicant resided in Oklahoma county and would maintain an office in Oklahoma City; that he had filed a bond in the sum of $5,000 with good and sufficient sureties approved

by the board of county commissioners, and that he had the experience and financial ability to conduct such abstracting business. The application wholly failed to recite facts sufficient to establish that applicant had or could comply with the requirements of chapter 37, S.L. 1937 (1 O.S. 1941 §§13 to 16, inclusive.)

Applicant contends that said sections are unconstitutional; that they contravene the 14th Amendment to the Constitution of the United States in that they abridge his privileges as a citizen; deprive him of his property without due process of law, and deny him the equal protection of the law.

Applicant attacks chiefly the requirements of 1 O. S. 1941 §13. That section provides as follows:

"In addition to the bond required by Section 8513, O. S. 1931, any person, firm or corporation, not now engaged in the business of abstracting, desiring to enter into the business of compiling or abstracting titles to real estate in any of the counties of the State of Oklahoma from and after the passage of this Act, shall have for use in such business an independent set of abstract books or other system of indexes compiled from the instruments of record affecting real estate in the office of the County Clerk, and not copied from the indexes in said office, showing in a sufficiently comprehensive form all instruments affecting the title to real property on file or of record in the office of the County Clerk and Court Clerk of the county wherein such business is conducted."

Section 14 provides, in part, as follows:

"The certificate of authority provided by Section 8514, O.S. 1931, shall not be issued by the County Clerk except upon written application therefor, which application shall state the name of the applicant, the location of the proposed abstract business and a further statement showing in clear and concise language the manner in which Section 1, hereof, (1 O.S. 1941, section 13) has been complied with."

The remainder of section 14 and sections 15 and 16 are procedural.

Applicant admits that he does not have an independent set of abstract books or system of indexes as required by section 13, supra, and also admits that he was not engaged in the abstracting business either on the effective date of the 1937 Act, or at the time the application was made. He urges that the requirement of section 13 that he have for use a set of abstract books or indexes imposes an unreasonable, arbitrary and capricious burden upon one who desires to enter the abstracting business, citing in support of this contention Allgeyer v. Louisiana, 165 U.S. 578, 41 L. Ed. 832, and State ex rel. Short v. Riedell, 109 Okla. 35, 233 P. 684, 42 A.L.R. 675. The case first cited holds that the right to follow any of the common occupations of life is an inalienable right. In the last cited case this court held that a law absolutely prohibiting one from holding himself out as a professional accountant or auditor, and engaging in the practice of that profession, without first taking an examination and receiving a certificate as a certified public accountant, was unconstitutional. However, in that case we pointed out that while the work of expert accountants to some degree affected the general welfare, it did not do so in a degree sufficient to justify denying their right to contract with other private individuals to do work of that nature. In substance, we held that it was not a business affected with a public interest.

That the business of abstracting titles to real estate is affected with a public interest has been recognized by the Legislature by limiting the fees which may be charged by those engaged in the business of abstracting, and by requiring bond and a certificate of authority to engage in such business. 1 O.S. 1941 §§1, 2 and 3. The further regulation requiring that those who desired to engage in such business after the enactment of section 13, supra, should have

adequate equipment to carry on that business, must be sustained as a valid and reasonable exercise of the police power.

In Herrin v. Arnold, 183 Okla. 392, 82 P. 2d 977, 119 A.L.R. 1471, we said:

"The inherent police power of the state has few fixed limitations; rather 'its limitations are plastic in their nature and will expand to meet the actual requirements of an advancing civilization and adjust themselves to the necessities of our multiplying complexities in moral, sanitary, economic, and political conditions.' "

And further:

"But the Legislature is primarily the judge of the necessity of the enactment, every possible presumption is in favor of its. validity, and though the court may hold views inconsistent with the wisdom of the law it may not annul the law unless palpably in excess of legislative power."

The statements therein made were later approved by this court in Jack Lincoln Shops v. State Dry Cleaners' Board, 192 Okla. 251, 135 P. 2d 332.

In State v. Abstracters' Board of Examiners (Mont.) 45 P. 2d 668, the Supreme Court of Montana held a similar requirement valid for the reason that, owing to the particular nature of the business, an abstracter with proper equipment in the way of indexes or abstract books could serve the public more efficiently and with much better results than one without such equipment. In that case the court said:

"Statute requiring person desiring to conduct abstract business to obtain certificate of authority from abstracters board held not unconstitutional as regulation of business not affected with public interest and in violation of due process clause, since state's inherent police power permits reasonable regulation of business or profession when such regulation appears necessary for general welfare of people."

In the above case the Montana court based its decision that the regulation was reasonable upon the ground that abstracters having their own abstract books and records could and would furnish the public more accurate abstracts than those who depended upon the county records, and that thus the public was protected from injury and detriment which might be caused by the making of imperfect and inaccurate abstracts. We think this a valid reason for the enactment of such a law.

But in addition to the reason stated above there is another element of protection to the public which justifies the enactment of such a law. The records of the county clerk, which applicant contends he has a right to use in his business, are paid for by public money, and all citizens have the right to inspect them for their own private purposes under the supervision of the county clerk. The county clerk as ex officio register of deeds is charged with the duty of carefully preserving and guarding the records against defacing, mutilation, change or injury. 19 O.S. 1941 §284. Obviously, if applicant has the right to a certificate permitting him the free and unrestricted use of said records for business purposes in the furnishing of abstracts to the public, other persons desiring to enter said business and use the records in a similar manner have an equal right to be granted such a certificate. Issuance of certificates to those desiring to use the records for such purposes might well result in such continuous and excessive use of the records for business purposes as would interfere with and restrict the right of the general public to use the records for private, as distinguished from business, purposes, since the instruments affecting the title to land filed in the office of the county clerk are recorded in bound volumes, which can be used only by one person at a time.

Also, such unrestricted use for business purposes might, and probably would, constitute such a use of the records as would be detrimental to the records themselves, and would also place

an additional burden upon the county clerk and his employees and hamper and obstruct them in the performance of their duties.

In Ex parte Tindall, 102 Okla. 192, 229 P. 125, we considered an Act of the Legislature providing for the supervision and regulation of carriers for hire using the public highways. In that case, after stating that it was a fundamental principle that persons or corporations engaged in occupations in which the public has an interest may be regulated by statute, we said:

"It is a matter of common knowledge, therefore, one of which courts will take cognizance, that the advent of throngs of automobiles and motor vehicles has necessitated the building of paved roads at a burdensome expense to the public. The public, as such, is therefore vested with a property right in such highways, and it is folly to argue that the public has no voice as to who shall appropriate its highways to their own free use and then charge the public a profit for such use."

We think the same principle applicable to the instant case, and that the Legislature, for the reasons we have stated above, was justified in requiring those who desired to engage in the abstracting business after the effective date of the act to provide themselves with books and records. It must be remembered that section 13, supra, does not restrict applicant's right to use the county records as any other citizen may use them. It restricts only his right to use them, and as an incident thereto the office of the county clerk, for the purpose of carrying on a business. The constitutional guaranties he invokes do not extend to the unrestricted use of public property. We conclude that the requirement made by the Legislature is a reasonable one, and is not violative of the provisions of the 14th Amendment to the Federal Constitution.

Applicant asserts that by the provisions of section 13, one desiring to engage in the business of abstracting is forced to buy or acquire a set of abstract books from someone already engaged in the business, and that this in effect creates a monopoly. No such requirement is contained in section 13, as one desiring to engage in the abstracting business is not prohibited from making a set of abstract books from the county records. The requirement that the books be compiled from instruments of record in the office of the county clerk, and not copied from the indexes in said office, is a reasonable one, since by our statute, 19 O.S. 1941 §§287, 291, the indexes of instruments affecting title to real estate kept by the county clerk are required to show only the name of the grantor and grantee, the character of instrument, date of filing, book and page where recorded, and description of the property. Thus, the indexes in many cases would fail to reveal the fact that deeds or other instruments of conveyance contained reservations of rights or interests in the property conveyed, or other provisions restricting the use of the property conveyed, or the effect of the conveyance, the existence of which could be ascertained only by examination of the instruments themselves. Therefore, in order to protect the public from the making of abstracts by the use of insufficient records, the abstracter is required to procure equipment sufficiently adequate to enable him to serve the public properly. There is no showing in the record that the expense of making a set of abstract books in accordance with the provisions of section 13 is prohibitive, although in the more densely populated counties, or counties in which, because of the discovery of oil or gas, or from some other similar reason, the records of the county clerk are extensive, such expense might prevent qualified persons from engaging in the business of abstracting. But whether the requirements of section 13 should be relaxed or dispensed with is, in our judgment, a matter for the determination of the Legislature. We do not consider the requirement unreasonable.

Applicant further contends that section 13 is discriminatory, in that it does not require persons who were engaged in the abstracting business at the time the act was passed to provide themselves with books and records. But in Williams v. Walsh, 222 U.S. 415, 32 S. Ct. 137, the Supreme Court held that such discrimination was permissible, saying:

"We may add that 'the 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus discriminate between the rights of an earlier and later time'. Sperry & H. Co. v. Rhodes, 220 U.S. 502, 505, 55 L. Ed. 561, 562, 31 Sup. Ct. Rep. 490."

In Campbell v. State (Wash.) 122 P. 2d 458, the Supreme Court of that state considered a statute designed to prevent the further establishing of chain dental offices, but exempting from its operation those already in operation, and held that such statute was not discriminatory, but was a proper classification of persons affected by the act, and that it was constitutional as a valid exercise of the police power, citing many authorities upholding the validity of such statutes.

Laws exempting from their requirements persons already engaged in businesses or professions, but providing for certain requirements as to those who seek to engage in such business or profession subsequent to the enactment of the law, are not uncommon. We have many such laws. See 59 O.S. 1941 §31 et seq.

Applicant also contends that the law violates section 51, art. 5, section 2 of art. 2, section 7 of art. 2, and section 32 of art. 2 of our Constitution, but he wholly fails to point out how or in what respect such sections are violated, or to cite any authorities in support of his statement. We are unable to see wherein the constitutional provisions above enumerated are violated by section 13, supra.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, and GIBSON, JJ., concur. CORN, J., dissents.