The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following: 1. Are the provisions of 59 O.S. 164 [59-164] (1979) constitutional ? 2. If so, must students enrolled in Chiropractic schools at the time of the amendment comply with the new requirement? The statute in question relates to the chiropractic profession and amends the 1971 educational requirements by providing that a specified number of hours be completed in an "accredited school or college of chiropractic" as opposed to the previous statutory requirement that the credit hours be completed at a "recognized school." Title 59 O.S. 164 [59-164](a) (1979) further defines an accredited school as : ". . . a school or college teaching chiropractic which shall have a standard of education not below that of the 1978 Council on Chiropractic Education required for an accredited status." It is a well settled principal, that all acts of the Legislature are presumed constitutional unless they are plainly and clearly in conflict with express constitutional requirements. Tate v. Logan, Okl.,362 P.2d 670 (1961). The Constitution does assure to each individual the right to the pursuit of life, liberty and happiness, which has been interpreted to apply to the pursuit of an occupation or profession. However, such a right does not go unrestricted. The State, under its police powers, has the authority to regulate professions and occupations in the public interest. Taylor v. State, Okl., 291 P.2d 1033 (1965). Therefore, under the statute now in question, the Legislature is exercising regulatory power to protect the public health and welfare by requiring that the school from which a student of chiropractic graduates, be an accredited school. The question for determination then is whether students enrolled in an unaccredited school prior to the enactment of the new legislation must be allowed to receive a license to practice chiropractic in Oklahoma without fulfilling the new requirement. Your question suggests that students enrolled in unaccredited schools prior to the amendatory statute could be exempt from the requirement under a grandfather clause. However, such would not be the case. The Legislature did not evidence any intent that such students should be exempt under the new statute. Secondly, it has been stated that "the purpose of grandfather provisions in licensing acts is to exempt from statutory regulations those members who have acceptably followed their profession or trade for a required period of years." Bloom v. Texas State Board of Examiners of Psychology, et al., 492 S.W.2d 460 (1973). In Taylor v. State, supra, the court said: "We do not deem it necessary to cite authorities to the effect that the right to practice any of the healing arts is a property right, where the right to practice is based upon a license or certificate issued by the authority of our State Statutes." By way of analogy it can be argued that until such time as a student receives the license granting the right to practice a profession, he or she has not yet acquired a property right, the denial of which requires Constitutional due process. It has been held that once a statute is enacted, which places new requirements upon receipt of an occupational license, then all those applying for such license subsequent to the enactment must comply with the new requirements. The statutory enactment was sustained as a valid and reasonable exercise of the police powers. Application of Richardson, Okl., 184 P.2d 642 (1947). Once a student has met statutory requirements and received a license to practice a particular profession, such right cannot be taken away without due process of law. However, as previously set forth, until such time as the license is granted, it is not unconstitutional for the Legislature, under its police powers, to impose new requirements upon students. Such requirements must then be met before a license may be granted. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The provisions of 59 O.S. 164 [59-164] (1979) with respect to the new standards required of persons applying for admission to the practice of chiropractic are not constitutionally defective. 2. Students enrolled in chiropractic schools at the time of the statutes enactment must comply with the requirements imposed by 59 O.S. 164 [59-164] (1979). (KAY HARLEY JACOBS) (ksg)