**WALCHER et al. v. FIRST PRESBY-
TERIAN CHURCH OF NORMAN.**

No. 10414—Opinion Filed September 16, 1919.

Rehearing Denied October 14, 1919.

(Syllabus by the Court.)

**1. Municipal Corporations—Nuisance—Laun-
dries.**

A laundry is not a nuisance per se, but act-
ing under the police and sanitary powers a
city may regulate the establishment and oper-
ation of same.

**2. Same—Due Process.**

It is not depriving one of his property
without due process of law for a city, acting
under its police and sanitary powers, to regu-
late by ordinance a business deleterious to
public health, morals, safety or welfare of its
inhabitants.

**3. Same—Ordinance—Tendency of.**

An ordinance of a regulatory nature in con-
travention of the natural rights of individu-
als must be reasonable, and a court must be
able to see that it will tend to promote the
public health, morals, safety and welfare.

**4. Same—Reasonableness of Regulation.**

A court in passing upon an ordinance of a
regulatory nature as to whether it is reason-
able and will tend to promote the public
health, morals, safety or welfare can take
judicial notice of the changing conditions in
manner of living and matters of common
knowledge.

**5. Same—Police Power.**

In the instant case, plaintiffs attempted to
install machinery and operate a laundry
within ten feet of the First Presbyterian
Church of the city of Norman, in violation of
an ordinance prohibiting the installation and
operation of an oil mill, tannery, cotton gin,
steam laundry, machine shop, garage, or
blacksmith shop within 150 feet of a church,
school or hospital, on the theory that the
ordinance was void and in violation of the
Fourteenth Amendment of the Federal Con-
stitution. Held, that such an ordinance is of
a regulatory nature and reasonable, and with-
in the police and sanitary powers of a city to
enact and enforce, and not in violation of the
Fourteenth Amendment to the Federal Con-
stitution.

Error from District Court, Cleveland
County; F. B. Swank, Judge.

Injunction by the First Presbyterian
Church of Norman against C. T. Walcher
and others. From a judgment in favor of
the plaintiff the defendants bring error. Af-
firmed.

T. C. Whiteley, for plaintiffs in error.

W. L. Eagleton, for defendant in error.

HIGGINS, J. The city council of the city
of Norman passed an ordinance prohibiting
certain business within 150 feet of a church,
school or hospital, the second section of the
ordinance being as follows:

"It shall be unlawful for any person, part-
nership or corporation to install, maintain,
carry on, operate or run an oil mill, tannery,
cotton gin, steam laundry, machine shop,
garage, or blacksmith shop within 150 feet
of any church building, school house or hos-
pital, within the limits of the City of Norman,
Oklahoma, and the carrying on, maintaining
or running of any of the above mentioned
businesses within said 150 feet of any church,
school building or hospital be and the same
is hereby declared to be a nuisance and sub-
ject to abatement upon suit of any citizen or
organization affected thereby."

The plaintiffs in error, believing the ordi-
nance to be void, installed machinery and
began to operate a laundry within ten feet
of the First Presbyterian Church of that
city. Upon suit being brought by the church,
the lower court, by virtue of the ordinance,
restrained the operation of the laundry,
whereupon an appeal was taken to this court.

The plaintiffs in error contended that the
ordinance declares a laundry a nuisance per
se, which is beyond the power of the city so
to do, and is in violation of the Fourteenth
Amendment of the Constitution of the United
States, and cites as authority the following
opinions: In re Tie Loy, 26 Fed. 611; In re
Sam Key, 31 Fed. 680; In re Lee Sing, 43
Fed. 359. In re Hong Wah, 82 Fed. 624;
Soon Hing v. Crowley, 113 U. S. 703; In re
Yick Wo, 118 U. S. 369.

The defendant in error contends that the
ordinance does not declare a laundry a
nuisance per se, but merely regulates the
operation of same, and cites the following
cases: Ex parte Jones, 4 Okla. Cr. 74, 109
Pac. 570; Duncan Electric & Ice Co. v. City
of Duncan, 64 Oklahoma, 166 Pac. 1048; In
re Lacy, 108 Cal. 326, 41 Pac. 411.

The cases cited by plaintiffs in error arose
in California, where certain cities passed
ordinances apparently intended to place re-
strictions upon Chinese, operating laundries,
by either declaring the same to be a nuis-
ance and preventing the operation of same
in the city, or in certain portions of the
same, which was usually a major portion,
or by requiring a certain percentage of the
property owners to agree thereto, or that a
certain permit must be first obtained, and
leaving it to the arbitrary act of some
city official to grant or refuse this permit.

26 Cyc. 727, lays the following law
down:

"Under power to regulate laundries mu-
nicipalities may require as police regula-
tions that laundries shall be confined to
certain parts of the city, and that they
shall be carried on only in buildings of

brick or stone, and within certain reasonable hours. But it seems that an ordinance is invalid which requires the consent of a certain number of tax payers and citizens of the vicinity for the establishment of the business."

Ex parte Lacy, supra, is a case very similar to the case at bar. The city of Los Angeles by ordinance prohibited a steam shoddy and carpet beating machine within 100 feet of a church, school house or residence. Lacy disregarded this ordinance, claiming the same to be void for the reason given by plaintiffs in error in this case, was tried, convicted and imprisoned and sought release on a writ of habeas corpus. In discussing the legality of the ordinance the court stated:

"We see nothing in the language of this ordinance contrary to the great principles of our government. We see nothing there depriving petitioner of any fundamental right. In the exercise of its police and sanitary power, the city has attempted to regulate the business of beating carpets by steam power. Under its constitutional grant, it has the right to regulate this business. The use of steam power, of itself, within municipal territory, has always been recognized as a proper subject of regulation; and, in addition, here it may well be assumed that the dust and other disagreeable and unhealthy matters arising in such quantities from the beating of carpets, as would naturally be indicated by the use of steam power, are a constant source of danger and menace to the good health and general welfare of the neighborhood where located.

"Conceding the business covered by the provisions of this ordinance not to constitute a nuisance per se, and to stand upon different grounds from powder factories, street obstructions, and the like, still the case is made no better for petitioner. This is not a question of nuisance per se, and the power to regulate is in no way dependent upon such conditions. Indeed, as to nuisances per se, the general laws of the state are ample to deal with them. But the business here involved may properly be classed with livery stables, laundries, soap and glue factories, etc., a class of business undertaking, in the conduct of which, police and sanitary regulations are made to a greater or less degree by every city in the country. And in this class of cases it is no defense to the validity of regulation ordinances to say, 'I am committing a nuisance, and I insist upon being heard before a court or jury upon the question of fact.' In this class of cases a defendant has no such right. * * *"

"It cannot be urged that petitioner is deprived of his property without due process of law, for, as is said by Judge Dillon in his work upon Municipal Corporations (sec. 141) in speaking of police and sanitary regulations: 'It is well settled that law and regulations of this character, though they may disturb the enjoyment of individual rights, are not unconstitutional, though no provision is made for compensation for such disturbances.' "

We find that the ordinance of the city of Norman does not declare laundries a nuisance per se, but merely regulates the same, and being within the police powers of a city, looking to the public health, safety or welfare of the inhabitants of the city, is not a violation of the Fourteenth Amendment to the Constitution of the United States.

An ordinance of a regulatory nature in contravention of the natural rights of individuals, must be reasonable; that is, the court must be able to see that it will tend to promote the public health, morals, safety or welfare. 19 Ruling Case Law 112. A court passing upon an ordinance of regulatory nature in deciding whether it is reasonable, can take judicial notice of matters of common knowledge and of changing conditions in manner of living. It is within the memory of those of this age that the washing of clothes formerly was the work of the household, or some poor person living in the community, then the Chinese came along and opened up what was called a laundry, usually consisting of one or two rooms, the work being done by hand, and such was the fact when the opinions of the federal court, above cited, were written. But as time passed, the population became more dense, labor saving machinery was invented, great numbers employed and the soiled clothes of a city, from those in all walks of life, were gathered at one place to be made clean. In addition to the cleansing, there is now the noise of machinery, many voices, smoke from the steam boilers, all of which would have a tendency to greatly disturb the quietude of those at public worship, children at school or the sick in hospitals, consequently we find that under the present well known conditions, it is within the police powers of a city, looking to the public health, safety and welfare of its inhabitants, to pass such regulatory ordinances as the one in question, and that such an ordinance is not unreasonable, arbitrary or discriminating.

In the instant case, the contract for the rental of the building was let before the passage of the ordinance, but such, we find, does not take away from a city its police and sanitary powers to regulate the business in question. The machinery was installed and operation of the laundry was begun after the passage of the ordinance,

and in the face of same, as to the power of a city to regulate an established business, by requiring it to seek other locations therein, we express no opinion.

Judgment affirmed.

OWEN, C. J., and PITCHFORD, McNEILL, and SHARP, JJ., concur.