## CITY OF YALE et al. v. DAVENPORT et al.

No. 26702.    Feb. 4, 1936.

Samuel H. May and Thos. A. Higgins, for plaintiffs in error.

Ernest F. Jenkins, for defendants in error.

PER CURIAM. The plaintiff in error was defendant in the trial court, and the defendants in error were plaintiffs. They will be referred to as they appeared therein. The plaintiffs are in the business of moving houses. On the 5th day of October, 1935, they filed an application in the district court for a writ of mandamus to require the proper authorities to issue a permit to move certain dwelling houses in the city of Yale, Okla. Omitting the formal parts, it is as follows:

"That the plaintiffs are engaged in the business and occupation of moving buildings; that one Sam Patton has contracted with said plaintiffs to move a building which he, the said Mr. Patton, owns in the city of Yale, Okla.; that one John Dryden has contracted with said plaintiffs to move two buildings which he has and owns in said city of Yale; that one Arlie Tomlinson has contracted with said plaintiffs to move a building which he has and owns in the city limits of Yale, Okla.; that one Mrs. Smith has contracted with these plaintiffs to move a certain building which she has and owns in the city of Yale, Okla.; that on the 3rd day of October, 1935, said plaintiffs have applied to the city clerk and the city manager of Yale, Okla., to obtain a permit for the removal of said buildings; that the said city clerk and city manager arbitrarily and without assigning any legal reason or excuse, refused to issue said plaintiffs their permit to move said buildings and still refuses to issue the same; that said defendants assign as their reason for refusing said permit a certain ordinance published, passed and approved by the said city of Yale, Okla., on the 3rd day of October, 1935, a copy of which ordinance is attached hereto, and marked exhibit 'A.'

"Plaintiffs further allege and state that said ordinance is not of a regulatory nature and is in contravention of the natural rights of these plaintiffs and of other individuals: that the same is unreasonable and does not tend to protect the public health, morals, safety and general welfare and is therefore unconstitutional and void; that said defendants are attempting to arbitrarily prohibit these plaintiffs or any one else from moving their property from the city of Yale, Okla.

"Plaintiffs further allege and state that taxes on said property are paid and that there are no taxes now due and delinquent against said property.

"Plaintiffs further allege and state that they have tendered and are ready and willing to pay nominal fee for a permit authorizing them to move said buildings from the city of Yale, Okla., and that the plaintiffs have complied with all of the legal ordinances of the city of Yale, Okla., and of the laws of the state of Oklahoma in regard to the removal of said buildings.

"Plaintiffs further allege and state that they have gone to a great deal of trouble and expense in preparing to move said buildings and that they will suffer irreparable damage and injury unless the defendants are compelled to issue said permit and that said plaintiffs have no adequate remedy at law.

"Wherefore plaintiffs being otherwise remediless pray this honorable court to issue a writ of mandamus, requiring and compelling said defendants to issue said plaintiffs a permit to move said buildings from the city of Yale, Okla., and for such other and further relief as may be just and proper in the premises.''

An alternative writ was issued, to which the city of Yale filed an answer. The answer alleges the constitutionality of the city ordinances, attaches the same as exhibit "A" to the answer, and alleges the failure of the plaintiffs to comply with the terms of the ordinances of the ctiy of Yale.

Sections 1 to 8 of the ordinance involved follow:

"Section 1. That it shall be unlawful and an offense to move any house, building, garage, shed or part thereof until the parties seeking to move said house, building, garage, shed or part thereof, shall post, or cause to be posted with the clerk of the city of Yale, Okla., a good and sufficient bond, with two or more good and sufficient sureties, if personal sureties, or one good and sufficient corporate surety, in the penal sum of $1,000 and naming the city of Yale, Okla., as obligee therein. That in qualifying, the said sureties, if personal, shall qualify by affidavit that they are worth double the penal obligation over and above all just debts, liabilities or exemptions, the bond shall be conditioned.

"(1) That the principal will move the said house or building without damage to the city of Yale, or city of Yale's property.

"(2) That the principal shall hold the city free and clear of any and all liabilities, claims, damages, judgments, costs and attorneys' fees that might be incurred by reason of the removal of said building or house and/or garages, sheds or part or parts thereof.

"(3) That the principal shall comply with all of the ordinances of the city of Yale, Okla., and laws of the state of Oklahoma.

"Section 2. That any person, firm or corporation moving any house, building, shed or garage or part thereof shall not haul any part that is over twelve feet in height, or ten feet in breadth, within the limits of the city of Yale, Okla.

"Section 3. That upon application of any party for a moving permit, it shall be the duty, in said application, to set forth when said applicant intends to begin dismantling, tearing down, razing or removal, shall appoint three inspectors, who shall work shifts of eight hours each, and whose shifts shall run consecutively, and whose compensation for such services shall be $4 per diem, each, which said sum shall be taxed against the applying party as an inspection fee. That said inspectors shall guard against every possible hazard that may arise in the removing or dismantling, and to use every precaution to lessen the danger of loss of life or property or injury to property of any person.

"Section 4. That the said parties seeking to remove, dismantle, or raze any such house, or building, shall, after the removal thereof, put the lots back in good condition, from which said house is removed or dismantled, and fill in all open basements, cisterns, holes or pits, in a fit and proper manner and leave no standing portion of said house or foundation, and remove and dispose of all rubbish or debris not removed in the removing or dismantling the house and building, and leave no exposed wires or no material that might constitute a fire hazard.

"Section 5. That upon the failure of the party removing or dismantling the said house or building, or part thereof, to comply with the provisions of the preceding sections, it shall be the duty of the city manager to cause the premises to be put back in the condition required by the preceding sections, enforce the costs thereof against the principal and his sureties; that no release of the bonds set forth in section No. 1 hereof shall be given until the said clerk of the said city of Yale, Okla., shall ascertain as to whether or not the laws of the state of Oklahoma and the city of Yale have been complied with, in so far as the same relates to the obligations in said bond contained.

"Section 6. That before any house, building, shed or garage or part thereof may be removed, dismantled or razed, it shall be the duty of the parties seeking such removal or dismantling thereof, to furnish the clerk of the city of Yale, Okla., with good and competent proof that there are no special assessments or paving taxes unpaid, whether the same be matured or not.

"Section 7. The board of city commissioners of the city of Yale, Okla., do hereby declare that the hauling of any article within the city of Yale, of a greater size than twelve feet high, and ten feet wide, upon any truck, wagon, skid or runner, over the streets and/on alleys of the said city, would be and constitute a public nuisance.

"Section 8. Any person, firm or corporation violating the provisions of this ordinance shall be fined in any sum of not less than $5, nor more than $20 for each and every offense."

Section 9 repeals all ordinances in conflict, and section 10 declares that if one part is declared unconstitutional the rest shall stand. Section 11 is the emergency clause.

At the conclusion of the trial, the court entered the following judgment:

"On this October 12, 1935, this cause and matter coming on to be heard, pursuant to assignment theretofore made, the plaintiffs appear in person and by their attorney, Ernest F. Jenkins, and the defendants appear by their attorney, Samuel H. May, and both parties announcing ready for trial, the

court hears evidence and the argument of counsel upon the petition and return, or answer to the alternative writ heretofore issued herein, and after such argument, and being fully advised in the premises, finds that the ordinance of the city of Yale, Okla., under which the defendants seek to justify in this cause, is unconstitutional, unreasonable, unenforceable and void, except as to sections 4, 5, and 8, and that the plaintiffs are entitled to the relief prayed for. To which findings the defendants except.

"It is, therefore, by the court considered, ordered and adjudged, that the alternative writ of mandamus heretofore issued herein be, and the same is hereby, made perpetual, to which judgment the defendants except, and give notice in open court of their intention to appeal to the Supreme Court of the state of Oklahoma, and ask that said notice be entered upon the trial docket of this court, which is accordingly ordered.

"Thereupon the defendants ask that the court fix the amount of a supersedeas bond herein, staying the execution of this judgment, pending said appeal; and the court, being fully advised in the premises, finds and orders that supersedeas of said judgment herein be, and the same is hereby, denied, to which the defendants except."

The appeal is by transcript.

The evidence is not brought to the court, and the only question therefore is, Did the court commit error upon the record? In the absence of the evidence, this court will presume that the evidence supported the judgment of the trial court. Baker v. Hammett, 23 Okla. 480, 100 P. 1114.

The defendant cites Calkins v. Ponca City, 89 Okla. 100, 214 P. 188, and Magnolia Petroleum Co. v. Wright, 124 Okla. 55, 254 P. 41, and House Bill 431 of the Fifteenth Legislature, to sustain its appeal. The first case was a proceeding by the city of Ponca City to condemn as a nuisance an unsightly and decaying building, and the action of the city was sustained. Magnolia Petroleum Co. v. Wright, supra, involved the erection of a filling station near a church. The proceeding on behalf of the city was sustained. Defendant cites the text of 44 C. J. 1030, sustaining the right of the city to enact an ordinance relative to permits prior to moving houses or buildings. The law is well defined that the city has such right. This court is unable to see from the record upon what evidence the court made its ruling. Were the evidence here, we could declare whether it came within the rule announced in the text cited.

There is also cited the case of Robinson

v. Otis (Cal. App.) 150 P. 441. That case follows the famous case of Eureka City v. Wilson, 15 Utah, 53, 48 P. 41, which went to the Supreme Court of the United States and was affirmed. Wilson v. Eureka City, 173 U. S. 32, 43 L. Ed. 603. Those cases involved a requirement for a permit simply, and have no conditions such as the one involved in the ordinance in question. Again, we are handicapped in not having the facts before us, and can but assume that the judgment of the trial court was supported in its findings on this proposition.

In 43 C. J., Municipal Corporations, section 319, it is said:

"To render municipal ordinances or regulations reasonable they should tend in some degree to the accomplishment of the object for which the corporation was created and its powers conferred."

In the same work, same volume, section 322, it is said:

"Where a municipal ordinance or regulation may be unreasonable by reason of particular facts or circumstances, one challenging the validity of such ordinance or regulation must give the particular facts rendering it unreasonable, and they must be sufficiently pleaded to enable the opposite party to meet the objection."

In Magnolia Petroleum Co. v. Wright, supra, we said that the operation of a filling station might under one set of facts be within the terms of the ordinances and the ordinances enforced, and under another set of facts restrained as unreasonable and inoperative. See, also, Patterson v. Roxana Petroleum Co., 109 Okla. 89, 234 P. 713, wherein this court said:

"An instrumentality that is at all times and under all circumstances, irrespective of its location and environment, a nuisance, is said to be a nuisance per se. There are instrumentalities, however, which in their nature are not nuisances, and whether a particular instrumentality constitutes a nuisance depends upon its surroundings, the manner in which it is conducted or managed, or other circumstances."

The defendant rests upon the broad authority of the city of Yale to declare the removal of any building within the terms of the ordinance a nuisance. We are of the opinion that the record is such that we cannot pass upon that matter here. Parts of this ordinance might be valid and enforceable and part invalid and unreasonable as regards this plaintiff. In ex parte Tomlinson, 54 Okla. Cr. 367, 22 P. (2d) 398, the court was discussing the ordinances which

prohibited the use of the highway to an ambulance on certain conditions. Quoting from an opinion of the learned judge in United States v. Cohen (D. C.) 268 Fed. 420, the court said:

'The statute cannot declare a thing a nuisance which is obviously not a nuisance, the abatement of which as a nuisance would violate the constitutional guaranty of due process of law and just compensation for private property taken for public use."

Conceding the right of the city of Yale to supervise by proper ordinance the use of its streets, it does not follow that using its streets, as an excuse, it can supervise the complete use and ownership or control of the property of private citizens. Even the state is without such right. Pennsylvania Coal Co. v. Mahon, 260 U. S. 393, 67 L. Ed. 322, 28 A. L. R. 1321.

In 44 C. J. at page 1038, it is stated:

"A citizen has a common-law right to make a reasonable use of the streets for the purpose of moving a building across or along the same from one location to another."

The following cases support this rule: Edison Electric Light & Power Co. v. Blomquist, 185 Fed. 615; State v. Omaha & C. B. St. R. Co. (Neb.) 161 N. W. 170; Graves v. Shattuck, 35 N. H. 257, 69 Am. Dec. 536; Hinmann v. Clark, 121 App. Div. 105, 105 N. Y. S. 725; Western N. Y. & Pa. Traction Co. v. Stillman, 124 N. Y. S. 246; Weeks v. Carolina Tel. & Tel. Co., 168 N. C. 468, 84 S. E. 812, Ann. Cas. 1917C, 75.

The right, of course, is subject to certain regulations. But it must be a reasonable regulation. Ex parte Tomlinson, supra; Walcher v. First Presbyterian Church of Norman, Okla., 76 Okla. 9, 184 P. 106, 6 A. L. R. 1593. Our court has held that municipalities are without authority to attempt to collect taxes in any other method than that provided by a general law of the Legislature of the state. City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640. A permit may be exacted (Eureka v. Wilson, supra), and even a bond required (Robinson v. Otis, supra); but when the regulations incident to the protection of the streets have been met with, municipal authorities are without legal power to deny the permit. Blocki v. Krueger Bros. & Co., 121 Ill. App. 357. Under certain provisions of this ordinance, the court was justified in finding that its adopted regulation had nothing to do with protection of the streets or their use. The record is void of any showing of the nature of the requirements met by the plaintiffs, the size of the building to be moved, or other matters of an evidentiary nature upon which the court based its conclusion, and under the above-cited authorities, we can only hold that the court heard evidence sufficient to justify its finding in the absence of the presentation of the evidence to this court.

Upon the record presented, we can only affirm the jurgment of the trial court on the ground that it is not plainly erroneous. Judgment affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.