## STATE DRY CLEANERS' BOARD et al. v. COMPTON.

No. 33503.    April 19, 1949.

*205 P. 2d 286.*

Mac Q. Williamson, Atty. Gen., (Busby, Harrell & Trice, of Ada, of counsel), for plaintiffs in error.

Homer Caldwell, of Oklahoma City, for defendant in error.

ARNOLD, V.C.J.    This is an appeal from a judgment of the district court of Canadian county holding sections 1, 4, and 5 of House Bill No. 314 of the Twentieth (1945) Oklahoma Legislature (sections 1, 4 and 5, chap. 17, Title 59, page 197, Okla. S. L. 1945, 59 O.S. Supp. 1947, §§744, 757, and 758) unconstitutional and the order of said court enjoining the State Dry Cleaners' Board and its members from enforcing the minimum prices fixed by said board for services rendered by cleaners in Canadian county.

More than 75% of the licensed cleaners in Canadian county signed an agreement concerning prices to be charged for the various services rendered by cleaners, pressers and dyers and requested the board to approve and fix the prices thus agreed upon. As required by the foregoing Act the board gave notice of time and place of hearing the demand for fixed minimum prices. At the appointed date and place, the board held a hearing and took testimony relative to the general conditions of services performed by the industry in that county, wages paid laborers in the business and the percentage which such payment bears to the aggregate income of the various plants of the industry, the kind of machinery used, the character of sanitation employed, the character and cost of chemicals or solvents necessarily used in performing the services rendered the public and

the detrimental effects of price wars on all the industry and the public welfare.

All of the testimony introduced at the hearing was to the general effect that the minimum prices sought and stipulated in the agreement were necessary to afford efficient labor, proper sanitation, the best and least injurious solvents, the best and least dangerous equipment and best protection against fire hazard.

When the case came on for hearing in the trial court it was stipulated by the parties that the testimony theretofore taken at the hearing before the board should be accepted as evidence in support of plaintiff, Compton's, injunction. No further testimony was introduced. Compton produced no evidence designed to show that the prices fixed by the board were not necessary in order to promote and sustain the public welfare, health and safety. There is no evidence in the record to the effect that the prices fixed were unreasonable or otherwise unfair to the public, employers or employees.

No attack is made on the proceedings leading up to the approval of the minimum price schedule by the board. It is conceded that all statutory requirements were met and that the notice given constitutes due process. It is also conceded that the burden was on Compton to overcome the presumption of regularity and reasonableness of the prices established by the board.

The constitutionality of the original Dry Cleaning Act passed by the Legislature in 1941, 59 O.S. 1941 §§741-756, creating the State Dry Cleaning Board and authorizing its general supervision and regulation of the cleaning, dyeing and pressing business in this state, was upheld by this court in the case of Jack Lincoln Shops, Inc., v. State Dry Cleaners' Board et al., 192 Okla. 251, 135 P. 2d 332. Therein we said the business is clothed with public interest so as to be subject to reasonable regulation under the police power of the state. It is conceded that we did so hold and we are not now asked to overrule that opinion in any of its aspects. At the time of the adoption of that opinion the Act here under consideration had not been adopted. Under the original Act the State Board was not given price-fixing authority, but on the contrary such authority was specifically withheld. This is the first time the price-fixing power of the board under the 1945 Act has been contested.

Price control in an industry affecting the public health, safety and general welfare, like any form of regulation, is constitutional unless arbitrary, discriminatory, unreasonable or demonstrably irrelevant to the policy the Legislature is free to adopt, and hence an unnecessary and unwarranted interference with individual liberty. Nebbia v. New York, 291 U.S. 502, 54 S. Ct. 505, 78 L. Ed. 940, 89 A.L.R. 1469; Herrin et al. v. Arnold, Judge, 183 Okla. 392, 82 P. 2d 977, 119 A.L.R. 1471.

On the point the Board of Barber Examiners Act, Title 59 O.S. 1941, §§61 to 105, inclusive, is very similar to the 1945 Dry Cleaners' Act extending the original Dry Cleaners statute. This court and the Criminal Court of Appeals has had occasion to approve the constitutionality of said Barbers' Act in its price-fixing features. Herrin v. Arnold, Judge, supra; Jarvis v. State Board of Barber Examiners, 183 Okla. 527, 83 P. 2d 560; Vandervort v. Keen, 184 Okla. 121, 85 P. 2d 405; Ex parte Herrin, 67 Okla. Cr. 104, 93 P. 2d 21; Tennyson v. State, 70 Okla. Cr. 415, 106 P. 2d 1114. All the contentions here made were made in the foregoing cases. The law on the point in this state is well settled. The striking similarity of the State Board of Barber Examiners Act makes the rule of the cases above cited applicable and controlling here. The price-fixing authority of the State Dry Cleaners' Board is constitutional and the record before us does not disclose that the prices fixed are unreasonable, arbitrary or otherwise unjust. In fact,

all of the evidence points to the fact that the prices fixed are necessary to stabilize the industry and are reasonable and will promote the public welfare, health and safety.

The judgment of the trial court holding the mentioned sections of the 1945 Dry Cleaners' Act unconstitutional is reversed, with directions to vacate the injunction and dismiss the cause of plaintiff, Compton.

DAVISON, C.J., and LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, and CORN, JJ., dissent.