SHOPPERS WORLD LAUNDRY COMPANY, Plaintiff in Error,

v.

STATE DRY CLEANERS' BOARD, J. E. Rowe, Chairman, K. A. Hardeman, Vice-Chairman, J. C. Hardin, Secretary-Treasurer, and Frank Olney, Executive Secretary of said Board, Defendants in Error.

No. 40695.

Supreme Court of Oklahoma.

May 17, 1966.

Mosteller, Fellers, Andrews, Snider & Baggett, Bryce A. Baggett, Jap W. Blankenship, Oklahoma City, David C. Marcus, Los Angeles, Cal., for plaintiff in error.

Charles Nesbitt, Atty. Gen., Fred Hansen, Asst. Atty. Gen., Orel Busby, Ada, for defendants in error.

PER CURIAM:

This is an appeal from a judgment rendered by the trial court in two cases which were consolidated for trial. Both cases presented the same basic issues and by agreement of counsel, the trial court designated defendants in error as plaintiffs, and plaintiff in error, Shoppers World Laundry Company, herein referred to as Shoppers World, as defendant.

Fact forming the basis for the action may be summarized as follows: In 1961, the State Dry Cleaners' Board, referred to as Board, promulgated an order establishing and fixing minimum prices for coin-operated, dry-cleaning machines. Thereafter Shoppers World, the owner of several coin-operated, dry-cleaning machines, made application for and was issued a license by Board to engage in the business of cleaning, dyeing and/or pressing. After it received a license, Shoppers World maintained and operated its dry cleaning equipment for public dry-cleaning below the minimum prices previously established by Board.

Board brought an action to enjoin Shoppers World from advertising and charging prices below the minimum price fixed by its order. The trial court granted a temporary injunction and on hearing, permanently enjoined and restrained Shoppers World from operating or maintaining a dry cleaning business by means of coin-

operated automatic machines for prices below the minimum price fixed by the order of the Board. Shoppers World appealed from the order overruling its motion for new trial.

The first three contentions of Shoppers World will be considered together. These contentions are:

1. As sought to be made applicable to Shoppers World the price-fixing order of the Board is in violation of the Federal and State Constitutions.

2. A State Price Fixing Regulation sought to be made applicable to a self-service automatic coin-operated dry cleaning machine, is an arbitrary interference guaranteed by the 14th Amendment of the United States Constitution, which cannot be sustained as a valid exercise of police power to protect public health, safety, morals or general welfare.

3. The general right to make a contract in relation to his business, is part of the liberty of the individual protected by the 14th Amendment of the Federal Constitution.

In Jack Lincoln Shops, Inc., v. State Dry Cleaners' Board, 192 Okl. 251, 135 P.2d 332, we sustained the constitutionality of the original State dry-cleaners' law, enacted in 1941 (Title 59 O.S.1941, §§ 741 to 756) which created the State Dry Cleaners' Board, and authorized its general supervision and regulation of the dry cleaning business in Oklahoma. In that case we held that the act was not in violation of Article 2, Sec. 2, of the State Constitution which provides that all persons have the inherent right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry; and not in violation of the due process clauses of the State (Art. 2, Sec. 7) and Federal (14th Amendment) Constitutions as regards substantive due process.

In 1945, the Legislature amended the original enactment of 1941, and by such amendment the Board was granted the authority and power to approve price agreements establishing minimum prices for cleaning, pressing and dyeing services, signed and submitted by at least seventy-five per centum of the duly registered and licensed cleaning and pressing operators in any county of the State. See Title 59 O.S.1961, Secs. 757 and 758. No contention is made in the instant action that these statutory provisions were not complied with when Board entered its order under consideration establishing the minimum prices.

State Dry Cleaners' Board v. Compton, 201 Okl. 284, 205 P.2d 286, involved the constitutionality of the Board fixing minimum prices, and we held that price control in an industry affecting the public health, safety and general welfare, like any other form of regulation, is constitutional unless arbitrary, discriminatory, unreasonable or demonstrably irrelevant to the policy the Legislature is free to adopt, and hence an unnecessary and unwarranted interference with individual liberty. We further held that the minimum prices fixed by the Board involved in that action were not discriminatory, arbitrary or unreasonable.

We can only conclude that Board's order establishing and fixing minimum prices for cleaning, pressing and/or dyeing services does not violate the constitutional rights of Shoppers World, if the business of dry cleaning as conducted by Shoppers World comes within the purview of the Oklahoma Cleaners, Dyers and Pressers Act. Whether the dry cleaning business as conducted by Shoppers World comes within the purview of said enactment is presented in the next contention of Shoppers World.

■ Shoppers World contends the original enactment of 1941, as amended in 1945, does not embrace within its provisions, nor was it contemplated that self-service automatic coin-operated dry-cleaning machines

were included within its provisions. Shoppers World argues that the act contemplates the rendition of services usually furnished and performed by a cleaning and pressing establishment and is not applicable to self-service automatic coin-operated dry cleaning machines where no services are conducted or rendered in connection with the operation of the machines or business.

Title 59 O.S.1961, Sec. 741 (C), provides that " 'Cleaning, dyeing and/or pressing business' shall mean the operation of any establishment, plant, office, store or vehicle where dry cleaning, wet cleaning * * * dyeing, spotting or finishing any fabric, is performed or rendered for a price or consideration, * * *.' "

It is to be noted that the above enactment defines what "cleaning, dyeing and/or pressing" business shall mean, but such enactment does not attempt to define the method employed for conducting such business. In other words, such enactment makes no distinction as to the means employed by persons engaged in the dry cleaning business, but does define what shall constitute the "[c]leaning, dyeing and/or pressing business". The record discloses that clothing placed in the coin-operated automatic machines of Shoppers World was dry-cleaned, and that the use of these machines was just one of the ways to dry clean clothes.

In our opinion, the coin-operated automatic dry cleaning machines owned and operated by Shoppers World are within the purview of Title 59 O.S.1961, Sec. 741 et seq., and the trial court did not err in restraining and enjoining Shoppers World from operating and maintaining a dry cleaning business by means of coin-operated automatic machines for dry cleaning at prices below the minimum price fixed by the Board.

Judgment affirmed.

The Court acknowledges the aid of Supernumerary Judge LESLIE W. WEBB in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.