SIEFKES, et al., Appellant v. CLARK TITLE CO., Respondent

(215 N.W.2d 648)

(File No. 11246. Opinion filed March 8, 1974)

**Dennis J. Batteen,** Faulkton, for plaintiff and appellant.

**Gale E. Fisher, May, Johnson & Burke,** Sioux Falls, **George J. Rice,** Aberdeen, for defendant and respondent.

DOYLE, Justice.

This is a class action brought by the plaintiff alleging that the defendant charged him and other members of the class for abstracting services performed by the defendant in excess of the amount authorized by SDCL 36-13-25.* From a summary judgment in favor of the defendant plaintiff appeals.

Prior to the 1971 amendment SDCL 36-13-25 provided:

*"Fees chargeable by abstracters. —* The fees allowed any person doing business under the provisions of this chapter shall be as follows:

(1) For the first entry or transfer of any one abstract or continuation thereof, one dollar and fifty cents;

(2) For each subsequent entry or transfer, seventy-five cents;

(3) An additional charge for entries or transfers containing more than two hundred words, of twenty cents per hundred words for such excess;

(4) For certificates as to the abstract of the records of the office of register of deeds, twenty-five cents;

(5) For entry or certificate relating to taxes, twenty-five cents;

(6) For entry as to mechanics' liens or judgments, fifty cents;

---

* SDCL 36-13-25 was amended by Ch. 215, S.L.1971, and now provides that a fee schedule shall be established by the South Dakota abstractors' board of examiners.

(7) For certificate as to mechanics' liens, twenty-five cents;

(8) For certificate as to judgments, fifteen cents for each name certified;

(9) For recertification to any part of an abstract, thirty-five cents per entry."

The defendant alleges, although his charges were in excess of the amount permitted by SDCL 36-13-25, that he performed the following additional services for which he is entitled to receive compensation:

(1) Entries and certificates relating to claims for county relief;

(2) Entries and certificates relating to claims for old age assistance;

(3) Entries and certificates relating to claims for ambulance services;

(4) Entries and certificates relating to hospital liens;

(5) Claims of the state for services and expenses incurred by public institutions situated at Yankton and Redfield, South Dakota;

(6) Searches, entries and certificates relating to special assessments for sidewalk, paving, curb and gutter expenses;

(7) Searches, entries and certificates relating to security agreements or financing statements; preparation of abstracts of legal or court proceedings, including probate, trusts, divorce, and quiet title actions;

(8) Providing of copies of the plat on record;

(9) Advancing expenses for city certificates, transfer tax, and recording of documents and instruments.

We agree that the defendant is entitled to reasonable compensation for additional services when performed at the request of the abstractor's client. However, examination of the settled record indicates that the following interrogatory was posed by the plaintiff:

"9. In furnishing abstract services, has the defendant at any time followed a rate schedule in fixing charges?

a. If your answer is yes, please set forth all such schedules, and the dates during which each were in effect."

The defendant responded:

"INTERROGATORY NO. 9: Yes.

See attached schedule."

"SOUTH DAKOTA LAND TITLE ASSOCIATION

MINIMUM FEE SCHEDULE

1-6-70

1. First Entry on any abstract or continuation . $ 1.50
2. Each Subsequent entry . . . . . . . . . . . . . . . . . 1.00
3. Certificate charge. . . . . . . . . . . . . . . . . . . . . . 7.50
4. Each name searched . . . . . . . . . . . . . . . . . . . 1.00
 (husband and wife to be considered 2 names)
5. Any court proceedings . . . . . . . . . . . . . . . . . . 3.00
 per page
6. Recertifying work of your own company ½ price
7. Recertifying work of another company . . . . full price
8. Plats . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.00
9. Extra charge to be made, in excess of regular fees, for preparing abstracts or continuations when it is necessary to make special searches of records, where descriptions are by metes and bounds, or otherwise complicated . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.00
 per hour
10. Additional charge if more than 10 years have elapsed since last certificate with limit of $5.00 an abstract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.00

11. Minimum charge for any abstract or continuation . . 10.00
12. Where there is only one (1) Abstract or continuation in the order the minimum charge is . . . 15.00
13. Assessed Valuation Fee can be used in addition to the regular minimum rate schedule 1 through 12 above. The assessed valuation figure is to be taken from the Treasurer's Tax Books. It is recommended in the normal mortgage transaction when the Abstracts are continued twice that the Assessed Valuation Fee be only used the first time.

| $ 1.00 to $1,000 | $1.50 | $ 6,001 to $ 7,000 | $10.00 |
|---|---|---|---|
| $1,001 to $2,000 | $3.00 | $ 7,001 to $ 8,000 | $11.00 |
| $2,001 to $3,000 | $4.50 | $ 8,001 to $ 9,000 | $12.00 |
| $3,001 to $4,000 | $6.00 | $ 9,001 to $10,000 | $13.00 |
| $4,001 to $5,000 | $6.75 | $10,001 to $15,000 | $14.00 |
| $5,001 to $6,000 | $9.00 | $15,001 to $20,000 | $15.00 |
| | | $20,001 to $30,000 | $16.00 |
| | | $.75 per thousand beyond | |

14. Uniform Special Certificate for Uniform Commercial Code in addition to regular charges . . . . . . . 2.50"

---

In comparing the above schedule with the one set forth in SDCL 36-13-25, it is readily apparent that there may well have been instances of charges in excess of those statutorily provided. For example, item 2 of the schedule attached to the defendant's answer to interrogatories states that the minimum charge for "Each Subsequent entry" be $1.00, whereas SDCL 36-13-25(2) provided the maximum fee chargeable for this service to be seventy-five cents.

The defendant contends, however, that the plaintiff and the other members of the class made their payments voluntarily and therefore cannot recover.

 The rule is well settled that money voluntarily paid under a claim of right to the payment and with knowledge of the facts by the person making the payment cannot be recovered on the ground that the claim was illegal or that there was no

liability to pay in the first instance. 66 Am.Jur.2d, Restitution And Implied Contracts, § 93. This rule is not without exception. We find the exception which has risen from usury cases is applicable. In a case of usurious payments, recovery is allowed where a statute declares the contract void in whole or in part, or punishes a violation of its provisions by the infliction of a fine, penalty or forfeiture upon the person who takes it. Annot., 59 A.L.R.2d, p. 522, 526. The cases cited in the above annotation reflect the rationale supporting the exception to be that payments of usurious interest should be regarded as made under the constraint of a formal, although illegal, contract obtained by taking advantage of the necessities of the borrower and are therefore made under a moral duress; no other proof of duress or oppression is necessary.

SDCL 36-13-9 provides:

*"Unauthorized business as misdemeanor—Penalty.—* Any person making, compiling or certifying to abstracts of title to property in this state without having complied with or *in violation of the provisions of this chapter,* shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding one hundred dollars nor less than twenty-five dollars for each offense." (emphasis added)

This statute in our opinion clearly prescribes punishment to any person in violation of any provision of Ch. 36-13. We, therefore, find abstracting fees charged in excess of those prescribed by statute analogous to usurious interest payments due to the monopolistic aspects of the abstracting business. Anyone conveying real estate in this state virtually is obliged to employ the services of an abstractor. Since competition is practically nonexistent, strict regulation of fees is necessary in order to protect the conveyor. When an abstractor charges an illegal fee the conveyor is under the same moral duress to pay for the charges as that of the borrower in regard to usurious interest.

■ The defendant's contention that SDCL 36-13-25 is unconstitutional is untenable. The general rule is stated in 1 Am.Jur.2d, Abstracts Of Title, § 4:

"The inherent police power of the states permits reasonable regulation of businesses or professions when such regulation appears necessary for the general welfare of the people, and in the exercise of this power, a state may impose reasonable regulations upon those who seek to engage in the business of abstracting titles to real estate."

The authority of the legislature to fix prices exists where a business is affected with a public interest. Application of Richardson, 1947, 199 Okl. 406, 184 P.2d 642. Thus, as this court held in State v. Nuss, 1962, 79 S.D. 522, 114 N.W.2d 633:

"Economic freedom is one of the inherent rights guaranteed to all men by Sec. 1, Art. VI of the South Dakota Constitution and protected by the due process clause. Sec. 2, Art. VI. The term 'liberty' used in the Constitution means more than freedom from arrest or restraint. It includes freedom of action; freedom to own, control, and use property, and freedom to pursue any lawful trade, business, or calling. This freedom to pursue a lawful business and to own and control property also includes freedom to make all proper contracts in relation thereto. 11 Am.Jur., Constitutional Law, § 339.

"On the other hand freedom of contract is not an absolute right or superior to the general welfare of the public. It is subject to reasonable restraint and regulation by the state, under the police power, to protect the safety, health, morals, and general welfare of the people. As explained by the United States Supreme Court in Chicago, B. & Quincy R. R. Co. v. McGuire, 219 U.S. 549, 31 S.Ct. 259, 55 L.Ed. 328, 'freedom of contract is a qualified, and not an absolute right. There is no absolute freedom to do as one wills or to contract as one chooses. The guaranty of liberty does not withdraw from legislative supervision that wide department of activity which consists of the making of contracts, or deny to government the power to provide restrictive safeguards. Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community.'

"Although freedom of contract has traditionally been considered to be the general rule and economic restraint the exception, which could be justified only under exceptional circumstances, there is no longer much question concerning the broad discretion possessed by the legislature to regulate any and all business for the protection of the health, safety, morals, and general welfare of the people. This trend toward economic regulation is particularly evident in the area of price control. See 'Our Constitutional Heritage' 45 ABAJ 1027. Formerly the legislature was considered to be without power to fix prices at which commodities could be sold, services rendered, or property used, unless the business or property was 'affected with a public interest' such as a public utility operating under a franchise or a business monopolistic in nature. Now the term affected with a public interest means 'no more than that an industry, for adequate reason, is subject to control for the public good.' Nebbia v. New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940; Olsen v. Nebraska, 313 U.S. 236, 61 S.Ct. 862, 85 L.Ed. 1305."

▪ We are, of course, aware that due process requires reasonableness in the exercise of the police power. The regulatory means adopted by the legislature must bear a real and substantial relation to some actual or manifest evil. We find that SDCL 36-13-25 carries no constitutional impingements. Because the abstractors' product is an indispensable part of real property transfers and due to the reliance which must necessarily be placed upon it by the vendor and vendee alike, the legislature has properly exercised its police power by the enactment of Ch. 36-13. It is evident that there does exist a real and substantial relation between the regulatory means adopted in regard to price regulation and the actual or manifest evil possible due to the monopolistic nature of the business.

▪ We, therefore, hold that as a matter of law the plaintiff and other members of the class involuntarily made payments to the defendant for abstracting fees and therefore they have the right to recover any charges in excess of those prescribed in SDCL

36-13-25, except that reasonable compensation is to be allowed the defendant for those services performed at the request of the abstractor's client which are not enumerated in the above statute.

Reversed and remanded for trial.

BIEGELMEIER, C. J., WINANS and DUNN, JJ., and WUEST, Circuit Judge, concur.

WUEST, Circuit Judge, sitting for WOLLMAN, J., disqualified.